**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 06-4927

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RANDOLPH BARTON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry F. Floyd, District Judge. (6:05-cr-01180-HFF-2)

_____

Submitted:  August 27, 2007          Decided:  September 5, 2007

_____

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Melissa J. Kimbrough, KIMBROUGH & LONGSHORE, Columbia, South Carolina, for Appellant. Regan A. Pendleton, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randolph Barton pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2000). Barton was sentenced by the district court to 125 months' imprisonment. Finding no error, we affirm.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there were no meritorious grounds for appeal, but questioning whether the district court erred in its application of the Sentencing Guidelines. Barton was notified of his right to file a pro se supplemental brief, but did not do so, and the Government elected not to file a responsive brief.

When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). Section 2D1.1(b)(6)(B) of the Sentencing Guidelines provides for a three-level increase if the offense involved the manufacture of methamphetamine and created a significant risk of harm to the environment. In determining whether a significant risk was created, a court should consider: (1) the quantity of any chemical, hazardous, or toxic substances, and the manner in which such

substances were stored; (2) the manner in which the substances were disposed, and the likelihood of release into the environment; (3) the duration of the offense; and (4) the location of the laboratory. U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.20(A)); see United States v. Houchins, 364 F.3d 182, 187-90 (4th Cir. 2004), vacated on other grounds, 543 U.S. 1104 (2005).

Barton contends that the district court erred in its application of § 2D1.1(b)(6)(B). He asserts that the Government's witness failed to identify a specific harm or environmental injury stemming from the production of methamphetamine. Moreover, Barton argues that the chemicals and compounds used to produce methamphetamine are not individually unlawful to possess, use, dispose of, and store.

However, as alleged in the indictment, the conspiracy to manufacture methamphetamine spanned more than two years. Testimony at the sentencing hearing established that numerous chemicals and other materials were found at Barton's residence. They were stored in regular household garbage bags and placed in an open horse trailer, which was described as having an "ether ammonia smell emitting from it." The trailer was located in a residential area, and was emptied twice a year at a public landfill. Neither the method of storage nor the manner of disposal was proper. Moreover, a hazardous material team was required to clean up Barton's

property.  Thus, under these circumstances, we conclude that the district court properly applied the environmental risk enhancement.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  Accordingly, we affirm the judgment of the district court. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED